IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

JAMES WEBSTER TASKER             *
                                 *
v.                               *         Civil Case No. JKB-13-604
                                 *
COMMISSIONER, SOCIAL SECURITY    *
                                 *
*************

REPORT AND RECOMMENDATIONS

Pursuant to Standing Order 2013-06, the above-referenced case was referred to me to review the parties' dispositive cross-motions[1] and to make recommendations pursuant to 28 U.S.C. § 636(b) and Local Rule 301.5(b)(ix). I have considered the parties' motions. ECF Nos. 9, 11. This Court must uphold the Commissioner's decision if it is supported by substantial evidence and if proper legal standards were employed. 42 U.S.C. § 405(g); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996); *Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). I find that no hearing is necessary. Local R. 105.6 (D. Md. 2011). For the reasons set forth below, I recommend that both motions be denied, and that the case be remanded to the Commissioner for further proceedings in accordance with this Report and Recommendations.

Mr. Tasker applied for Disability Insurance Benefits on August 4, 2009, originally alleging a disability onset date of January 31, 2005.[2] (Tr. 143-46). His claim was denied initially on January 12, 2010, and on reconsideration on July 1, 2010. (Tr. 90-93, 95-96). An Administrative Law Judge ("ALJ") held a hearing on June 15, 2011, (Tr. 30-66), and subsequently denied benefits to Mr. Tasker in a written opinion dated July 18, 2011. (Tr. 17-29). The Appeals Council declined review, (Tr. 1-5), making the ALJ's decision the final, reviewable

---

[1] Mr. Tasker's motion is entitled "Motion for Judgment on the Pleadings." ECF No. 9. The Commissioner filed a "Motion for Summary Judgment." ECF No. 11.

[2] Mr. Tasker later amended his disability onset date to May 18, 2008, the date after a prior denial of benefits. (Tr. 65). Because his date last insured is December 31, 2009, (Tr. 153), to be entitled to benefits, he had to establish disability within a period of about a year and a half.

decision of the agency.

The ALJ found that Mr. Tasker suffered from the severe impairments of chronic obstructive pulmonary disorder ("COPD"), diabetes mellitus, degenerative disc disease, and obesity. (Tr. 22). Despite these impairments, the ALJ determined that Mr. Tasker retained the residual functional capacity ("RFC") to:

> perform sedentary work as defined in 20 CFR 404.1567(a), with the additional limitation that he can do work that occasionally requires balancing, stooping, kneeling, crouching, crawling, and climbing (except never requires the use of ladders, ropes and scaffolds), and needs to work in a well-ventilated area.

(Tr. 23). After considering testimony from a vocational expert ("VE"), the ALJ determined that there were jobs existing in significant numbers in the national economy that Mr. Tasker could perform, and that he was not therefore disabled. (Tr. 25-26).

Mr. Tasker disagrees. He asserts several arguments in support of his appeal: (1) that the ALJ assigned insufficient weight to the opinion submitted by his treating physician, Dr. Daniel Aukerman; (2) that the ALJ's opinion contained insufficient evidentiary support for the RFC; (3) that the Appeals Council failed to consider new and material evidence in the form of a letter from Dr. Aukerman; and (4) that the ALJ erred in making an adverse finding regarding Mr. Tasker's credibility. Although some of Mr. Tasker's assertions lack merit, on other issues, the ALJ provided insufficient analysis to permit me to ascertain whether substantial evidence supports his conclusions. Accordingly, I recommend that the case be remanded for the ALJ to fulfill his duty of explanation. In so recommending, I express no opinion as to whether the ALJ's ultimate conclusion that Mr. Tasker was not entitled to benefits is correct or incorrect.

Turning first to the unpersuasive contentions, Mr. Tasker alleges that the Appeals Council ("AC") failed to assign sufficient weight to "new and material evidence," specifically a June 11, 2012 letter from his treating physician, Dr. Aukerman. Pl. Mot. 11-12. While Dr. Aukerman's 2012 letter presents his opinions in a different format than his July 28, 2009

2

opinion, the conclusions contained in each document are essentially identical, suggesting that the subsequent letter may not be either new or material. (Tr. 359-65, 391-92); *see, e.g. Meyer v. Astrue*, 662 F.3d 700, 705 (4th Cir. 2011) (citing *Wilkins v. Sec'y, Dep't of Health & Human Servs.*, 953 F.2d 93, 96 (4th Cir. 1991)) (noting that evidence is not new where it is duplicative or cumulative, and is only material where there is "a reasonable possibility that the new evidence would have changed the outcome."). Moreover, "the regulatory scheme does not require the [AC] to do anything more than what it did in this case, i.e., 'consider new and material evidence . . . in deciding whether to grant review.'" *Meyer*, 662 F.3d at 706. The AC is not required to take any specific action in response to new and material evidence, and is not required to provide a detailed explanation of its evaluation. *Id.* Because the record clearly demonstrates the AC's receipt and consideration of the 2012 letter from Dr. Aukerman, (Tr. 4), I cannot conclude that the AC discharged its duties improperly.

Mr. Tasker's other arguments meet with more success, due to the sparse analysis in the ALJ's opinion. The ALJ's summary of the medical evidence pertaining to Mr. Tasker's primary medical concern, his COPD, consists of a single paragraph. (Tr. 24). In that paragraph, the ALJ makes numerous references to medical notes demonstrating that Mr. Tasker's COPD was "stable." *Id.* While use of the term "stable" suggests that a patient's condition is unchanging, it provides no indication regarding the severity of that condition. "Stable" therefore does not always have a positive connotation. Similarly, the ALJ's reference to notes showing that Mr. Tasker suffered from "moderate COPD" provides no information regarding the functional limitations, if any, that "moderate COPD" can be expected to cause. In fact, the medical records from Mr. Tasker's treating physician consistently describe his breathing difficulties as significant. (Tr. 268) (noting "severe" COPD, labored breathing, diffuse wheezing); (Tr. 269) (describing COPD as "severe but stable"); (Tr. 271) ("COPD-still bad"); (Tr. 272) ("wheezing

throughout, wildly labored breathing"). By simply repeating nondescriptive terms like "stable" and "moderate", the ALJ's summary of the medical records does not provide any information about Mr. Tasker's actual physical condition or his ability to perform work-related tasks. Moreover, the ALJ provides no explanation for his conclusion that Mr. Tasker's impairments, including "moderate COPD," translate into an ability to perform work in accordance with the limited sedentary RFC he assigned. The ALJ's decision to afford "little weight" to the opinions of the non-examining state agency physician sheds no further light on the question, as the ALJ simply makes the conclusory statement, "I find the claimant's ability to work is more restrictive than opined by the State's medical expert." (Tr. 24). Similarly, the ALJ rejects Dr. Aukerman's opinion because "the medical records indicate the claimant only suffered from moderate COPD," but does not detail why "moderate COPD" is inconsistent with the functional limitations Dr. Aukerman ascribed. *Id.* Without an explanation as to why the medical record supports the ALJ's conclusions, judicial review for substantial evidence is impossible.

Similarly, the ALJ provides insufficient evidentiary support for his determination that Mr. Tasker's testimony was not credible. The Fourth Circuit has developed a two-part test for evaluating a claimant's subjective complaints, such as the limiting effects of an impairment. *See Craig v. Chater*, 76 F.3d at 594. First, there must be objective medical evidence of a medical impairment reasonably likely to cause the symptoms alleged by the claimant. *Id.* After the claimant meets this threshold obligation, the ALJ must evaluate "the intensity and persistence of the claimant's [symptoms], and the extent to which it affects [his] ability to work." *Id.* at 595. The ALJ properly cited to those standards in this case. However, the ALJ makes the conclusory assessment that "the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent they are inconsistent with the above residual functional capacity assessment." (Tr. 23). While the circular language of that

4

conclusion can be acceptable where the opinion contains sufficient explanation of the reasons for the adverse credibility finding, this case does not meet that standard. The ALJ immediately proceeds into a summary of the medical evidence and the assignments of weight to the medical opinions, without providing any specific explanation for his adverse credibility determination. Particularly in light of the inadequate factual support for the ALJ's RFC determination, as described above, the conclusion that Mr. Tasker's testimony is incredible to the extent it is inconsistent with that RFC determination lacks a sufficient evidentiary foundation. I therefore recommend that on remand, the ALJ provide sufficient analysis to permit effective judicial review.

CONCLUSION

For the reasons set forth above, I respectfully recommend that:

1. the Court DENY Defendant's Motion for Summary Judgment (ECF No. 11);

2. the Court DENY Plaintiff's Motion for Judgment on the Pleadings (ECF No. 9); and

3. the Court order the Clerk to REMAND the case to the Commissioner for further proceedings and CLOSE this case.

Any objections to this Report and Recommendations must be served and filed within fourteen (14) days, pursuant to Fed. R. Civ. P. 72(b) and Local Rule 301.5.b.

Dated: October 17, 2013            /s/
                                                          Stephanie A. Gallagher
                                                          United States Magistrate Judge